UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
_____

In re:

Linda A. Allen,                                                      Case No. GK16-03152
*a/k/a* Linda Ann Allen Bey,                                         Chapter 7
*a/k/a* Linda A. Allen [sic],                                        Hon. John T. Gregg

_____ Debtor./

United States Trustee,

                Plaintiff,

v.                                                                   Adversary Proc. No.

Linda A. Allen,

_____ Defendant./


**UNITED STATES TRUSTEE'S
COMPLAINT TO DENY DEBTOR'S DISCHARGE**

     Daniel M. McDermott, United States Trustee for Region 9 (Michigan/Ohio), pursuant to his authority under 11 U.S.C. § 307 and 28 U.S.C. § 586(a)(3)(G), requests the Court to deny the Debtor a discharge in this case under 11 U.S.C. § 727(a). In support of his complaint, the U.S. Trustee states as follows:

**General Allegations – Procedural History**

     1. This is a core proceeding under 28 U.S.C. § 157(b)(2)(J) over which the Court has jurisdiction under 28 U.S.C. § 1334, 28 U.S.C. § 157(a) and Western District of Michigan L.B.R.

–1–

83.2(a) and (b).

  2. Venue for this proceeding is proper pursuant to 28 U.S.C. § 1408 *et seq.*.

  3. On June 9, 2016, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (CM-ECF Docket No. 1).

  4. The U.S. Trustee appointed Laura J. Genovich, Esq. as Chapter 7 Trustee for this case.

  5. The 11 U.S.C. § 341 Meeting of Creditors was first scheduled for August 2, 2016 and the last day to file an objection to discharge was fixed as October 3, 2016.

  6. On June 7, 2016, the Debtor filed her bankruptcy Schedules (CM-ECF Docket No. 14).

  7. On July 22, 2016, the Debtor filed her Statement of Financial Affairs (CM-ECF Docket No. 19).

  8. At the August 2, 2016 Meeting of Creditors the Debtor testified that the Schedules and Statement of Financial Affairs she filed were true and correct to the best of her knowledge. The Debtor's Schedules, Statement of Financial Affairs, and related subsequent amendments were all signed by the Debtor under penalty of perjury.

  9. On August 30, 2016, the Debtor appeared for her rescheduled Section 341 Meeting and again testified under penalty of perjury.

**General Allegations – Factual Matters**

10. The Debtor's Schedules list assets of the Debtor totaling $219,925, comprised only of personal property.

11. The Debtor's Schedules list liabilities totaling $50,500, comprised only of general unsecured creditors listed on Schedule F. The actual total of all claims listed in the Debtor's Schedule E/F is $56,477. All of the claims are listed as "disputed," with the exception of the claim of Lisa Hunter for $500. None of the claims were listed with account numbers, as required.

12. The Debtor's Schedule I lists monthly net income for the Debtor of $2,086.

13. Question 4 of the Debtor's Statement of Financial Affairs required the Debtor to disclose all of her income received from January 1, 2014 to the date she filed her bankruptcy case. The Debtor reported in her Statement of Financial Affairs that she earned $30,000 in 2015 and $28,000 in 2014 as "wages, commissions, bonuses, tips."

14. Question 5 of the Debtor's Statement of Financial Affairs required the Debtor to disclose any other income received during the two previous calendar years. The Debtor checked the box "no" as her response.

15. Question 19 of the Debtor's Statement of Financial Affairs required the Debtor to disclose whether during the ten previous calendar years she transferred any property to a self-settled trust or similar device of which the Debtor is a beneficiary. The Debtor checked the box "no" as her response.

16. Question 25 of the Debtor's Schedule A/B required the Debtor to disclose any

interest in "trusts, equitable or future interest in property . . , and rights or powers exercisable for your benefit."   The Debtor checked the box "no" as her response.

17. Schedules D and E/F required the Debtor to list all of her creditors, both secured and unsecured.   The Internal Revenue Service ("IRS") was not listed as a creditor.

18. Question 6 of the Debtor's Statement of Financial Affairs required the Debtor to disclose payments or other transfers to any creditors during the 90 days before filing bankruptcy. The Debtor responded that the IRS garnished $181,000 on March 25, 2016.

19. The Debtor stated in her Statement of Financial Affairs that she has made no payments within the one year immediately preceding the filing of his bankruptcy case to or for the benefit of creditors who are or were insiders.

20. Question 9 of the Debtor's Statement of Financial Affairs required the Debtor to disclose lawsuits, court action, or administrative proceedings to which the Debtor was a party. The Debtor responded by listing a lawsuit for "mistaken identity" captioned "United States Inc [sic] v Linda A Allen."

21. Question 10 of the Debtor's Statement of Financial Affairs required the Debtor to disclose whether within one year before the filing of the Debtor's bankruptcy any of her property was repossessed, foreclosed, garnished, attached, seized, or levied.   In response the Debtor listed the seizure of a 2014 Nissan Maxima by the IRS and the garnishment since February 2015 of $12,000 of the Debtor's wages.

22. Question 11 of the Debtor's Statement of Financial Affairs required the Debtor to disclose whether during the 90 days before the Debtor filed bankruptcy any creditor set off amounts from the Debtor's accounts.   In response, the Debtor stated that Chase Bank refused to

honor the Debtor's "incoming payment" while Chase was withdrawing funds for the IRS's garnishment.

23. The Debtor did not answer Question 12 of the Statement of Financial Affairs concerning whether any of the Debtor's property was in the possession of others within one year before the Debtor filed her bankruptcy.

24. The Debtor stated in her Statement of Financial Affairs that she made no gifts to other persons or charity within two before the Debtor filed her bankruptcy.

25. The Debtor stated in her Statement of Financial Affairs that she has had no losses from fire, theft, other casualty, or gambling during the one year prior to filing bankruptcy.

26. The Debtor stated in her Statement of Financial Affairs that she has transferred, either absolutely or as security, no property outside the Debtor's ordinary course of business or financial affairs within the two years before she filed her bankruptcy.

27. The Debtor stated in her Statement of Financial Affairs that within the one year before she filed her bankruptcy, the Debtor had no financial accounts or instruments held in her name, or for her benefit, that were closed, sold, moved, or transferred.

28. The Debtor stated in her Statement of Financial Affairs that within the one year before she filed her bankruptcy, the Debtor did not have a safety deposit box or other depository for securities, cash or other valuables, and that the Debtor did not store any property in a storage unit or place other than her home.

29. The IRS has a lien on the Debtor's residence.

30. The Debtor, in fact, has an interest in a number of trusts, including but not limited to the following:

-"Golden Assets Settlement Trust" ("Golden Assets")

-"Linda Ann Allen Cestui Que Trust"

-"Linda Ann Allen Bey Trust"

-"Linda Ann Allen Bey Cestui Que Trust"

-"Linda Ann Allen Bey Quasi Que Trust"

Included in this list are any and all orthographic variations (including hyphenations, plurals, and capitalizations), and other alternate naming versions for any of the trusts not specifically included above.

31. During her Section 341 Meeting, the Debtor claimed an interest in the "Linda Ann Allen Family Estate." The Debtor stated that this named Estate was a beneficiary of the Golden Assets. The Debtor included herself as a member of this Estate and therefore is a beneficiary of the Global Assets. The Debtor also filed a UCC Financing Statement recorded on February 19, 2015, claiming a secured interest in this Estate.

32. The Debtor testified at her Section 341 Meeting that she is the trustee of the Golden Assets.

33. The Debtor testified at her Section 341 Meeting that Golden Assets received a $422,000 income tax refund for the tax year 2012. The Debtor testified that an unnamed individual prepared the tax return.

34. On December 1, 2014, a check in the amount of $422,606.96 was deposited into the Golden Assets bank account at Chase Bank.

35. The Debtor testified at her Section 341 Meeting that she used the Golden Assets refund money to pay cash for her home and for two vehicles. She further testified that the home

and vehicles were titled in the Golden Assets.

36. The Debtor testified at her Section 341 Meeting that the IRS garnished approximately $180,000 from the Golden Assets Chase Bank account and also took one of the vehicles. The Debtor claimed she had a right to sue the IRS because she was not given due process. Interestingly, the Debtor was prosecuting the lawsuit captioned *Golden Assets Settlement Trust v. Michael Bryant, I.R.S.; JPMorgan Chase Bank, N.A.,* filed as Case No. 1:15-cv-00322-JTN-ESC filed in the U.S. District Court for the Western District of Michigan. On July 1, 2015, Judge Neff denied the Plaintiff's motion for reconsideration of the dismissal of the case.

37. The Debtor further testified that she has not filed a personal income tax return since the year 2012 since she is "tax exempt."

38. The Debtor is an informed and sophisticated businesswoman, having managed her own trust prior to the bankruptcy. The Debtor has experience litigating in the federal courts, having filed a cause of action in 2015 on behalf of the Golden Assets against an IRS agent and JP Morgan Chase Bank. The Debtor also has experience in the U.S. Bankruptcy Court, having filed a previous Chapter 13 case in 2014. The Debtor has also demonstrated an understanding of financial and real estate matters, having filed several UCC Financing Statements in 2015 and 2016 with the Berrien County, Michigan, Register of Deeds.

39. The Debtor has been unable to satisfactorily explain how she incurred $50,500 in general unsecured debt while having unencumbered personal property assets of $219,925.

## Count I

## Denial of Discharge Under 11 U.S.C. § 727(a)(4)

40. The U.S. Trustee incorporates paragraphs 1 through 39 of this Complaint as if fully rewritten.

41. Section 727(a)(4)(A) of the Bankruptcy Code provides that the Court shall grant the Debtor a discharge unless the Debtor knowingly and fraudulently, in or in connection with the case made a false oath or account.

42. The Debtor knowingly and fraudulently made a false oath or account in or in connection with this case, in that the Debtor testified under penalty of perjury at the Meeting of Creditors called under 11 U.S.C. § 341 that the Schedules and Statement of Financial Affairs were accurate and complete, but in fact did not disclose her interests in the Golden Assets or any other trust.

43. The Debtor knowingly and fraudulently made a false oath or account in or in connection with this case, in that the Debtor testified under penalty of perjury at the Meeting of Creditors called under 11 U.S.C. § 341 that the Schedules and Statement of Financial Affairs were accurate and complete, but in fact did not disclose all of the Debtor's income from the Golden Assets or any of her other trusts.

44. The Debtor knowingly and fraudulently made a false oath or account in or in connection with this case, in that the Debtor testified under penalty of perjury at the Meeting of Creditors called under 11 U.S.C. § 341 that the Schedules and Statement of Financial Affairs

were accurate and complete, but in fact did not disclose the Internal Revue Service as a creditor or the Internal Revenue Service's lien on her home.

45. The Debtor knowingly and fraudulently made a false oath or account in or in connection with this case, in that the Debtor testified under penalty of perjury at the Meeting of Creditors called under 11 U.S.C. § 341 that the Schedules and Statement of Financial Affairs were accurate and complete, but in fact did not disclose her secured interest in the "Linda Ann Allen Family Estate."

46. The Debtor also declared under penalty of perjury that she had no right to sue anyone when in fact she later testified that she had the right to sue the Internal Revenue Service because she was not given due process. The Debtor knowingly and fraudulently made a false oath or account in or in connection with this case by not disclosing this cause of action in her Schedule B.

47. The Debtor also knowingly and fraudulently in connection with this case, under Section 727(a)(4)(D), withheld from an officer of the estate entitled to possession under this title any recorded information relating to the Debtor's property or financial affairs, to the extent the Debtor is found to have committed an act under either Count II or Count III of this Complaint.

48. Therefore, the Court should deny the Debtor a discharge under 11 U.S.C. § 727(a)(4)(A) and (D).

## Count II

### Denial of Discharge Under 11 U.S.C. § 727(a)(3)

49.     The U.S. Trustee incorporates paragraphs 1 through 39 of this Complaint as if fully rewritten.

50.     Section 727(a)(3) of the Bankruptcy Code provides that the Court shall grant the Debtor a discharge unless the Debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the Debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all the circumstances of the case.

51.     The Debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the Debtor's financial condition or business transactions might be ascertained, without justification.   The Debtor acknowledged during her Section 341 examination that she has not filed any tax returns for the trust since the refund request and could not provide the accounting of the trust property and income requested by the Chapter 7 Trustee.   The Debtor further asserted that she did not need to file any personal income tax returns, which assertion is vague and unsubstantiated.   The Debtor's acknowledgment and explanation that she is tax exempt is inadequate and not justified under the circumstances of this case because the Debtor is seeking to discharge significant debt in his case.

52.     The Debtor has been unable to document how she incurred $50,500 in unsecured debt while having personal property assets of $219,925.

53.     The Debtor has been unable to account for the formation and income of the Global Assets, any of the Debtor's other trusts, or of the Linda Ann Allen Family Estate.

54.     Therefore, the Court should deny the Debtor a discharge under 11 U.S.C.§727(a)(3).

–10–

## Count III

## Denial of Discharge Under 11 U.S.C. § 727(a)(2)(A) or (B)

55. The U.S. Trustee incorporates paragraphs 1 through 39 of this Complaint as if fully rewritten.

56. Sections 727(a)(2)(A) and (B) of the Bankruptcy Code provide that the Court shall grant the Debtor a discharge unless the Debtor, with intent to hinder, delay, or defraud a creditor or an office of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed – (A) property of the Debtor, within one year before the date of the filing of the bankruptcy petition; or (B) property of the estate, after the date of the filing of the bankruptcy petition.

57. The Debtor has transferred, removed, destroyed, mutilated or concealed, or has permitted to be transferred, destroyed, mutilated, or concealed, property of the Debtor within one year before the date of the filing of the bankruptcy petition.  To the extent the Debtor has been garnished by the Internal Revenue Service during the year 2016 and yet cannot account for her income or any of her trust's income during 2015 or 2016 as requested, the Debtor must have destroyed the records during the time period within one year before the filing of the bankruptcy.

58. Therefore, the Court should deny the Debtor a discharge under 11 U.S.C. § 727(a)(4)(A) or (B).

## Count IV

### Denial of Discharge Under 11 U.S.C. § 727(a)(5)

59. The U.S. Trustee incorporates paragraphs 1 through 39 of this Complaint as if fully rewritten.

60. Section 727(a)(5) of the Bankruptcy Code provides that the Court shall grant the Debtor a discharge unless the Debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the Debtor's liabilities.

61. The Debtor has been unable to satisfactorily explain how she incurred $50,500 in unsecured debt while having personal property assets of $219,925. The Debtor listed her creditors as "disputed" without reason (and without account numbers).

62. The Debtor has further failed to satisfactorily explain the circumstances surrounding the formation of the Golden Assets, her receipt of the Golden Assets' tax refund of $422,000, the $422,606 deposit into the Golden Assets bank account on December 1, 2014, or the garnishment of the Golden Assets' account by the Internal Revenue Service of $180,000 on March 25, 2016.

63. The Debtor has also not satisfactorily explained or accounted for any trust income to the Debtor from any of her trusts.

64. The Debtor has also not satisfactorily explained or accounted for any of the UCC Financing Statements filed by the Debtor during the past two years.

65. The Debtor has not satisfactorily explained how the Golden Assets or any of her trusts were funded, especially considering that the Debtor stated that she has not transferred any of her property to a trust.

66. The Debtor has not satisfactorily explained how the Linda Ann Allen Family Estate was funded, especially considering that the Debtor stated that she has not transferred any of her property to a a legal device for which the Debtor is a beneficiary.

67. Therefore, the Court should deny the Debtor a discharge under 11 U.S.C. § 727(a)(5).

**Conclusion**

Wherefore, the U.S. Trustee respectfully requests for the reasons set forth in the paragraphs above that the Court deny the Debtor's discharge pursuant to 11 U.S.C. § 727(a), and further, that the Court grant such other relief that may be proper under the circumstances.

DANIEL M. McDERMOTT
United States Trustee
Region 9

Dated:_____10-3-16_____        By:_____/s/_____
                                    Dean E. Rietberg (P38872)
                                    Trial Attorney
                                    Office of the U.S. Trustee
                                    125 Ottawa Ave. NW
                                    Suite 200R
                                    Grand Rapids, MI   49503

                                    Tel: (616) 456-2002 ext. 115