UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

Linda A. Allen,  
*a/k/a* Linda Ann Allen Bey,  
*a/k/a* Linda A. Allen [sic],

Case No. GK16-03152  
Chapter 7  
Hon. John T. Gregg

               Debtor./

United States Trustee,

               Plaintiff,

v.                                                                                      Adv. Proc. No. 16-80283

Linda A. Allen,

               Defendant./

**UNITED STATES TRUSTEE'S
RESPONSE TO THE PRAECIPE
FILED BY DEBTOR-DEFENDANT
AND BRIEF IN SUPPORT UNITED STATES TRUSTEE'S
COMPLAINT TO DENY DEBTOR'S DISCHARGE**

Daniel M. McDermott, United States Trustee for Region 9 (Michigan/Ohio), pursuant to his authority under 11 U.S.C. § 307 and 28 U.S.C. § 586(a)(3)(G), responds to the Debtor-Defendant's "Praecipe" and "Writ of Error" (collectively, the "Praecipe") (CM-ECF Adv. Proc. Docket No. 30). The gist of the Praecipe appears to be two-fold. First, Ms. Allen appears to give notice of her "status." Much like her prior statement of "Status" (*see* CM-ECF Adv. Proc. Docket No. 24), Ms. Allen's statements about her status do not request any relief and this aspect of the Praecipe should be denied. Second, the remaining aspects of the Praecipe might be construed as a demurrer. Indeed, during a hearing on July 20, 2017, the Court advised that it

1

intends to treat the Praecipe as a motion to dismiss under F.R.C.P. 12(b)(6) for failure to state a claim.  Importantly, Ms. Allen seeks relief under, and admits to, this Court's jurisdiction (*see* CM-ECF Adv. Proc. Docket No. 30-1, paras. 2 and 3).[1]  As explained below, the U.S. Trustee has sufficiently pled allegations supporting his claims against Ms. Allen.

### Procedural History / Background

On June 9, 2016, the Debtor and Defendant, Linda A. Allen, *pro se,* filed a Chapter 7 bankruptcy Petition in this federal judicial district.  (CM-ECF Docket No. 1).   Prepetition, Ms. Allen was actively involved in the formation of several trusts prior to filing her bankruptcy, including the "Golden Assets Settlement Trust" ("Golden Assets").  She formed the Golden Assets and other trusts so that she could shelter her assets from creditors, and made herself the trustee and beneficiary of the Golden Assets.  In late 2014, Ms. Allen improperly received a $422,000 federal income tax refund for the Golden Assets and deposited the funds into a bank account for the Golden Assets at Chase Bank.  She used the refund money to purchase a home and two new vehicles and for other personal expenses.  The Internal Revenue Service garnished approximately $180,000 from the Golden Assets Chase Bank account and also took one of the vehicles.

Ms. Allen attempted to frustrate the IRS's attempts to recover the improper tax refund paid to the Golden Assets by filing this Chapter 7 bankruptcy and not disclosing required information in the bankruptcy about the circumstances surrounding the refund.  Now that her

---

[1] The Debtor-Defendant has also raised issues of venue and jurisdiction in a separate motion (see CM-ECF Adv. Proc. Docket No. 41).  However, the Court should find that the Debtor-Defendant has waived all defenses permitted under F.R.B.P. 7012(b), as the rule provides that "a motion asserting any one of these defenses must be made before pleading if a responsive pleading is allowed."  *See also* F.R.B.P. 7012(g)(2) and (h)(1).

case is pending before this Court, Ms. Allen has had a second opportunity to explain her personal and trust transactions to the Chapter 7 Trustee and the U.S. Trustee. She has not done so satisfactorily. Instead, she has made false oaths and cannot adequately account for her property or her debts.

After questioning Ms. Allen at the initial Section 341 Meeting of Creditors on August 2, 2016, the Chapter 7 Trustee informed Ms. Allen that she needed to produce various documents and records, including a full accounting of her trusts and income tax records to the Trustee. The Trustee adjourned the Meeting of Creditors several times for document production, but Ms. Allen has not yet provided this full accounting to the case Trustee or the U.S. Trustee.

On October 3, 2016, the U.S. Trustee timely filed a Complaint seeking to deny Ms. Allen a discharge under 11 U.S.C. § 727 (Adv. Proc. No. 16-80283 - Bankr. W.D. Mich.). (CM-ECF Docket No. 24; CM-ECF Adv. Proc. Docket No. 1). The adversary proceeding includes counts alleging Ms. Allen made false oaths, destroyed or concealed business records, and the failed to satisfactorily explain the loss of assets or the deficiency of assets to meet her liabilities. Ms. Allen has had more than ample time to correct her statements, produce records, and otherwise support her explanations and omissions.

Instead, on November 3, 2016, Ms. Allen filed a Response and Objection to the Complaint (CM-ECF Adv. Proc. Docket No. 4). On November 17, 2016, the Court conducted a status conference on the Response and granted Ms. Allen's request to amend the document and answer the Complaint (CM-ECF Adv. Proc. Docket No. 8). In yet another attempt to avoid review and administration of her bankruptcy case, on December 7, 2016, Ms. Allen filed a Statement of Error and Response (CM-ECF Adv. Proc. Docket No. 10). The Court treated this pleading as a motion to dismiss the adversary proceeding, which motion was denied after hearing

on December 13, 2016.   (CM-ECF Adv. Proc. Docket No. 14).

On December 20, 2016, Ms. Allen finally filed her Answer to the Complaint (CM-ECF Adv. Proc. Docket No. 16).  In response to the Court's First Pre-Trial Order (CM-ECF Adv. Proc. Docket No. 17), on February 9, 2017, Ms. Allen filed her Affidavit of Non-Consent of Special Jurisdiction (CM-ECF Adv. Proc. Docket No. 20).  On February 10, 2017, the Court entered an Order making a finding that Ms. Allen's Affidavit made no request for relief (CM-ECF Adv. Proc. Docket No. 21).

In response to the U.S. Trustee's request to schedule Ms. Allen's deposition, Ms. Allen filed a pleading captioned "Status" on May 2, 2017 (CM-ECF Adv. Proc. Docket No. 24).  On May 4, 2017, the U.S. Trustee filed his request to extend the discovery time period and for a status conference (CM-ECF Adv. Proc. Docket No. 25).  On May 8, 2017, the Court entered an Order stating that it did not believe a status conference was necessary (CM-ECF Adv. Proc. Docket No. 27).

Ms. Allen did not appear for her scheduled deposition on June 6, 2017.  Instead, Ms. Allen filed her "Praecipe."  The four "motions" discussed above filed by Ms. Allen were all attempts by Ms. Allen to impede the efficient and proper administration of her bankruptcy case, as she has yet to appear for a deposition or produce the requested accounting.   Rather than divulging the requested accounting, she continues to file nonconforming pleadings and to devote her efforts to place procedural impediments to the conclusion of this litigation.   Most ironically, in her "Prayer" found near the end of the Writ of Error, Ms. Allen even demands the Court to order "a full accounting."

## Standard of Review for Rule 12(b)(6)

Although the pleadings filed by Ms. Allen make no reference to the legal basis in the Bankruptcy Code for the relief she seeks, the U.S. Trustee understands that the Court intends to treat Ms. Allen's Praecipe as a motion filed under Federal Rule of Civil Procedure 12(b)(6), made applicable through F.R.B.P. 7012(b).

The Sixth Circuit Court of Appeals has determined that when a court reviews a motion to dismiss filed under F.R.C.P. 7012(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh,* 487 F.3d 471, 476 (6th Cir. 2007). Under F.R.C.P. 8(a)(2), in order to sufficiently state a claim, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." In other words, "the complaint 'does not need detailed factual allegations' but should identify 'more than labels and conclusions.'" *Casius v. Wal-Mart Stores, Inc.,* 695 F.3d 428, 435 (6th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Elaborating further, the U.S. Supreme Court has stated that a plaintiff's "factual allegations must be enough to raise a right of relief above the speculative level." *Twombly,* 550 U.S. at 555. In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted to be true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). *See also, Richardson v. Checker Acquisition Corp., et al. (In re Checker Motors Corp.),* 463 B.R. 858, 866 (Bankr. W.D. MI 2012).

**Argument**

The U.S. Trustee filed this four-count adversary proceeding because Ms. Allen filed a bankruptcy in which she seeks a discharge of her indebtedness without providing the most basic information about her assets and liabilities. Ms. Allen attempted to frustrate the IRS's attempts to recover the improper tax refund paid to the Golden Assets by filing this Chapter 7 bankruptcy and not disclosing required information in the bankruptcy about the circumstances surrounding the refund. In the process of trying to thwart recovery of the tax refund converted from the Golden Assets, she has made false oaths and cannot adequately account for her property or her debts.

Now that her case is pending before this Court, Ms. Allen has had a second opportunity to explain her personal and trust transactions to the Chapter 7 Trustee and the U.S. Trustee. She has not done so satisfactorily. Instead of cooperating with the Trustee and the U.S. Trustee, she has further hampered the discovery process with procedural delays and *ad hominem* attacks on the U.S. Trustee and his counsel. The U.S. Trustee's allegations of false oaths, failure to keep information, concealment, and failure to explain loss of assets, more than adequately support the U.S. Trustee's claims that the Court should deny granting a discharge to Ms. Allen.

**Count 1 – False Oath – Section 727(a)(4)**

In order to prevail on an action to deny the Debtor's discharge under 11 U.S.C. § 727(a)(4) for knowingly and fraudulently making a false oath in connection with the bankruptcy proceeding, the U.S. Trustee must show that "1) the debtor made a . . . statement under oath; 2)

the statement was false; 3) the debtor knew the statement was false; 4) the debtor made the statement with fraudulent intent; and 5) the statement was material to the bankruptcy case." *In re Duncan,* 562 F. 3d 688, 695 (5th Cir. 2009) *citing In re Scholdra,* 249 F.3d 380, 382 (5th Cir. 2001). In Count 1 the U.S. Trustee makes six distinct and separate allegations of false oaths made by the Debtor, and each false oath has been sufficiently pled. Each element required under the Count will be discussed below:

1) <u>The Debtor made a false statement under oath</u>: Paragraphs 42 through 47 of the Complaint state that the person making the false statement in each instance was the Debtor, Ms. Allen. The Complaint further states that each of the false statements alleged in Paragraphs 42 through 47 were made after the Ms. Allen was sworn at her Section 341 Meeting.

2) <u>The statement was false</u>: Paragraphs 42 through 47 of the Complaint identify the respective falsity or contradiction. In Paragraph 42, the U.S. Trustee alleges that Ms. Allen did not disclose her interest in certain trusts. In Paragraph 43, the U.S. Trustee alleges that Ms. Allen did not disclose all of her income from her trusts. In Paragraph 44, the U.S. Trustee alleges that Ms. Allen did not disclose the Internal Revenue Service as a creditor or lien holder. In Paragraph 45, the U.S. Trustee alleges that Ms. Allen did not disclose her secured interest in the "Linda Ann Allen Family Estate." In Paragraph 46 of the Complaint, the U.S. Trustee alleges that Ms. Allen did not disclose a cause of action she claimed she had a right to pursue. In Paragraph 47, the U.S. Trustee alleges that based on the proper pleading of Counts 2 and 3 (analyzed below), Ms. Allen made a false statement when she withheld documents relating to her property or financial affairs requested by the U.S. Trustee.

3) <u>The Debtor knew the statement was false</u>:  Paragraphs 42 through 47 of the Complaint each allege that Ms. Allen knew the statements she made were false.  In Paragraphs 42 through 46, the U.S. Trustee alleges that Ms. Allen knowingly and fraudulently made false statements by way of omission.  In Paragraph 47, the U.S. Trustee alleges that Ms. Allen knowingly and fraudulently made false statements by withholding information from an officer of the estate.

4) <u>The Debtor made the statement with fraudulent intent</u>:   Paragraphs 42 through 47 of the Complaint each allege that Ms. Allen made her false statements with fraudulent intent.  In Paragraphs 42 through 46, the U.S. Trustee alleges that Ms. Allen knowingly and fraudulently made false statements by way of omission.  In Paragraph 47, the U.S. Trustee alleges that Ms. Allen knowingly and fraudulently made false statements by withholding information from an officer of the estate.

5)  <u>The false statements are material to the bankruptcy case</u>:   Ms. Allen's false statements are material to the administration of the bankruptcy case, and in turn, to the Trustee whose has the duty to administer assets of the bankruptcy estate (which on the face of the Schedules here appear to be very limited) for the benefit of all creditors.  For much the same reason, receiving a Chapter 7 discharge under the Bankruptcy Code is premised on a debtor's complete and honest disclosure of all her property and income, and therefore the lack of Ms. Allen's truthfulness itself is material.

   Paragraphs 10 through 39 of the Complaint make allegations concerning the materiality of the Debtor's bankruptcy estate.  Specifically, Paragraph 31 alleges that the Debtor has listed $219,925 of assets, all of it personal property, in her bankruptcy

8

Schedules. Paragraph 11 alleges that the Debtor has listed liabilities of $56,477 in her Schedules E/F, all of it as priority or general unsecured debt, and all of it as "disputed" except for one $500 claim. The disparity between Ms. Allen's assets and liabilities itself is material, particularly where the allegations involve false statements made concerning the existence and ownership of property. The dollar amounts of her income tax refund (Paragraph 33), her bank deposit (Paragraph 34), and garnishment (Paragraphs 18, 21, and 36) are also substantial and therefore material to the bankruptcy. Paragraph 35, for example, specifically alleges that Ms. Allen testified she used the income tax refund to pay cash for her home and two vehicles, three very substantial assets. As a related matter, Paragraph 13 alleges that Ms. Allen earned $30,000 in 2015 and $28,000 in 2014. Ms. Allen's false statements are inherently material to the creditors whose debts were not repaid by a Debtor who claims she is "tax exempt", and to those whom an accounting has not been provided.

In summary, here Ms. Allen knowingly and voluntarily filed a bankruptcy petition in which she certified that the information contained within the Schedules and Statement of Financial Affairs was true and correct to the best of her knowledge. The false statements occurred when Ms. Allen failed to disclose all of her trusts, income, creditors, liens, financial interests, and causes of action. Each allegation identifies the particular declaration made or testimony given by Ms. Allen, together with the respective falsity or contradiction. The fraudulent intent may also be proven by circumstantial evidence. *Scholdra,* at 382. Under this standard, the *cumulative* effect of the false statements may evidence a reckless regard for the truth sufficient to support a finding of fraudulent intent. *Id.*

False statements by the Debtor during the proceedings or false statements in the Debtor's

9

Schedules are sufficient to prevail under this section. *Duncan,* at 695. Moreover, each allegation is independent of the other, and the U.S. Trustee need only prove *one* of them in order to prevail on this Count. In other words, each factual allegation is sufficient to support a claim for relief for a false oath. However, the cumulative effect of multiple incidents of false oaths having been made by Ms. Allen, together with the other counts plead in the Complaint, provides further circumstantial support for Ms. Allen's fraudulent intent.

### Count II – Failure to Keep Information – Section 727(a)(3)

The Sixth Circuit has adopted a specific test to determine the adequacy of the Debtor's records for purposes of 11 U.S.C. § 727(a)(3). The Sixth Circuit requires "the debtor to provide creditors with enough information to ascertain the debtor's financial condition and track his financial dealings with substantial completeness and accuracy for a reasonable period past to present." *Sheehan & Assoc., PLC v. Lowe (In re Lowe),* 2012 WL 3079251 (E.D. Mich. 2012), *citing In re Strabic,* 235 B.R. 880, 882, (B.A.P. 6th Cir. 1999). *See also, In re Dolin,* 799 F.2d 251, 253 (6th Cir. 1986) (Court found that the debtor's creditors were unable to ascertain the debtor's financial condition and business transactions). Intent is *not* a required element for a successful Section 727(a)(3) objection to discharge. *In re Leone,* 463 B.R. 229, 244 (Bankr. N.D.N.Y. 2011).

Paragraphs 49 through 54 of the Complaint allege Ms. Allen has been unable to produce accurate and complete records of her loans, bank accounts, debts, or her trusts. Paragraph 51 further specifically pleads the following allegations:

> The Debtor acknowledged during her Section 341 examination that she has not filed any tax returns for the [Golden Assets] trust since the refund request and could not provide the accounting of the trust property and income

> requested by the Chapter 7 Trustee. The Debtor further asserted that she did not need to file any personal income tax returns, which assertion is vague and unsubstantiated. The Debtor's acknowledgement and explanation that she is tax exempt is inadequate and not justified under the circumstances of this case because the Debtor is seeking to discharge significant debt . . . .

No meaningful payment records or accounting for the tax refund or for the formation and income of the Golden Assets have been provided. Yet, ironically, for some of her debts, Ms. Allen has been able to specify the amounts she owes to the very dollar. At the same time, Mr. Allen's explanations for her failure to produce records are both inconsistent and not justifiable under the circumstances. On the one hand, Ms. Allen blames Chase Bank for refusing to honor the Debtor's payment wishes while Chase was withdrawing funds for the IRS's garnishment (Paragraph 22). On the other hand, Ms. Allen seemingly acknowledges that she actually had trust records sufficient to give to someone to file a tax return for the Golden Assets, but strangely cannot remember the preparer's name or produce the accounting records (Paragraph 33). Paragraphs 23 through 28 of the Complaint allege facts that demonstrate that Ms. Allen has provided no other reasonable or justifiable explanations for her failure to provide records. Paragraphs 29 through 39 of the Complaint allege additional aspects of Ms. Allen's financial condition or transactions that support the contention that she has not satisfactorily explained the situation.

In sum, the U.S. Trustee's Complaint alleges that Ms. Allen failed to keep or preserve records and that such failure makes it impossible to ascertain the Debtor's financial condition. As a result, the elements of Section 727(a)(3) are sufficiently pled. *See, e.g., Duncan,* at 697. To "keep" means to enter information, such as to keep a diary. *In re Devaul,* 318 B.R. 824, 833 (Bankr. N.D. Ohio 2004). Ms. Allen has provided no such records. Creditors and trustees should not be forced to undertake an independent investigation of a debtor's affairs; rather they

have a right to be supplied with dependable information on which they can rely in tracing a debtor's financial history. *U.S. v. Ellis,* 50 F.3d 419, 425 (7th Cir. 1995). Here, the elements of the Count are sufficiently well pleaded.

### Count III – Transfer or Concealment of Property – Section 727(a)(2)

Ms. Allen's discharge should be denied under 11 U.S.C. § 727(a)(2) to the extent she either disposed of or concealed property of the Debtor within one year before the date of filing of the bankruptcy petition or property of the estate after the bankruptcy was filed. This Code section is applicable and sufficiently well pleaded because Ms. Allen was directly involved in both the formation of her trusts and in spending the tax refund from the Golden Assets, and she has not yet provided those business records. Allegations relating to the one year time requirement of this particular Code section are plead in Paragraph 57 of the Complaint, where the U.S. Trustee alleges that to the extent Ms. Allen has been garnished by the Internal Revenue Service during the year prior to filing her bankruptcy and yet cannot account for her income or any of her trusts' income during 2015 or 2016 as requested, this failure to maintain her records would have occurred within the one year time period. *See, Keeney v. Smith, (in re Keeney),* 227 F.3d, 679 (6th Cir. 2000).

### Count IV – Failure to Explain Loss of Assets – Section 727(a)(5)

Ms. Allen's failure to satisfactorily explain any loss of assets or deficiency of assets to meet her liabilities flows from her failure to account for the income tax refund she received from the Golden Assets and other trusts. Where did all this money go? Why are there no records to

show how and by whom the refunds were obtained and where the money went?

Paragraph 61 of the Complaint alleges that Ms. Allen has not satisfactorily explained how she incurred $50,500 in unsecured debt while having personal property assets of $219,925. Paragraph 62 of the Complaint alleges that Ms. Allen has failed to satisfactorily explain the suspicious circumstances surrounding the formation of the Golden Assets, her receipt of the Golden Assets tax refund of $422,000, the subsequent $422,606 deposit into the Golden Assets bank account, or the garnishment of the Golden Assets account by the Internal Revenue Service in March of 2016. Paragraph 63 of the Complaint alleges that Ms. Allen has not satisfactorily explained or accounted for any trust income to her from any of her trusts. Paragraph 64 of the Complaint alleges that Ms. Allen has not satisfactorily explained or accounted for any of the UCC Financing Statements filed by the Debtor during the past two years. Paragraph 65 of the Complaint alleges that Ms. Allen has not satisfactorily explained how the Golden Assets or any of her trusts were funded, especially considering that she stated that she has not transferred any of her property to a trust. Paragraph 66 alleges that Ms. Allen has not satisfactorily explained how the Linda Ann Allen Family Estate was funded, especially considering that she stated that she had not transferred any of her property to a legal device for which she is a beneficiary. Finally, Paragraphs 23 through 28 of the Complaint allege facts that demonstrate that Ms. Allen has provided no other reasonable or justifiable explanations for her failure to account.

Creditors are entitled to know what happened to the consideration given for their claims. *See, e.g., In re Juzwiak,* 89, f.3d 424, 429 (7th Cir. 1996) (Debtor has the duty to maintain and retain comprehensible records. Creditors are not required to sift through documents and attempt to reconstruct the flow of assets.) *In re Union Planters Bank, N.A. v. Connors,* 283 F.3d 896, 900 (7th Cir. 2002), *quoting In re Scott,* 173 F.3d 959970 (7th Cir. 1989) (Where debtors are

sophisticated in business, and carry on a business involving significant assets, creditors have an expectation of greater and better record keeping); *In re Belonzi,* 476 B.R. 899, 904 (Bankr. W.D. Pa. 2012) (When an individual debtor's income is derived almost entirely from an entity controlled by the debtor, the records of that entity can be critical in determining the financial condition of the individual debtor.) Here, the elements of the Count are sufficiently pled.

## **Conclusion**

Therefore, the United States Trustee respectfully requests that the Court deny the Debtor-Defendant's motion for dismissal for all counts, and grant such other relief that may be proper under the circumstances.

DANIEL M. McDERMOTT<br>
United States Trustee<br>
Region 9

Dated:_____8-10-17_____           By:_____/s/_____
                                                                   Dean E. Rietberg (P38872)
                                                                   Trial Attorney
                                                                   Office of the U.S. Trustee
                                                                   125 Ottawa Ave. NW
                                                                   Suite 200R
                                                                   Grand Rapids, MI   49503

                                                                   Tel: (616) 456-2002 ext. 115