UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

Linda A. Allen,  
*a/k/a* Linda Ann Allen Bey,  
*a/k/a* Linda A. Allen [sic],

Case No. GK16-03152  
Chapter 7  
Hon. John T. Gregg

       Debtor./

United States Trustee,

       Plaintiff,

v.                                                     Adv. Proc. No. 16-80283

Linda A. Allen,

       Defendant./

## UNITED STATES TRUSTEE'S RESPONSE TO DEBTOR-DEFENDANT'S MOTION FOR IMPROPER VENUE AND LACK OF PERSONAL JURISDICTION PURSUANT TO FRCP 12 b (2)(3)

Plaintiff Daniel M. McDermott, United States Trustee for Region 9 (Michigan/Ohio), pursuant to his authority under 11 U.S.C. § 307 and 28 U.S.C. § 586(a)(3)(G), respectfully responds to the Debtor-Defendant's "Motion for Improper Venue and Lack of Personal Jurisdiction Pursuant to FRCP12 b (2)(3)" (CM-ECF Adv. Proc. Docket No. 41).

The Debtor-Defendant has previously raised issues of venue and jurisdiction in at least three filings made with this Court (see CM-ECF Adv. Proc. Docket Nos. 4, 20, 24). She now raises them yet again in her "Praecipe" and in this motion (CM-ECF Adv. Proc. Docket Nos. 30 and 41, respectively). Therefore, as a procedural matter, without the need to consider the substance of the motion, the Court should rule under F.R.B.P. 7012(g)(2) that the Debtor-

1

Defendant is now precluded from raising these defenses and has waived them under F.R.B.P. 7012 (h)(1).

The U.S. Trustee further responds to the substance of the Debtor-Defendant's motion as follows:

## Jurisdiction

Because this adversary proceeding involves an objection to the Debtor-Defendant's discharge, this is a core proceeding under 28 U.S.C. § 157(b)(2)(J) over which the Court has jurisdiction under 28 U.S.C. § 1334.  The U.S. Trustee stated this in the first paragraph of his Complaint (CM-ECF Adv. Proc. Docket No. 1) and the Debtor-Defendant admitted to this statement of jurisdiction in paragraph 1 of her answer to the Complaint (CM-ECF Adv. Proc. Docket No. 16).  Therefore, the Court should find that the Debtor-Defendant has waived her defense permitted under F.R.B.P. 7012(b)(2), as the rule provides that "a motion asserting any one of these defenses must be made before pleading if a responsive pleading is allowed."  The Court also made this finding in its First Pretrial Order under the heading "Jurisdiction" (CM-ECF Adv. Proc. Docket No. 17).

The First Pretrial Order also directed the parties to the adversary proceeding to "file a short statement as to whether they consent to entry of a final judgment by this court . . . ."  On February 9, 2017, the Debtor-Defendant filed an "Affidavit of Non-Consent of Special Jurisdiction" (CM-ECF Adv. Proc. Docket No. 20).  On February 21, 2017, the Court entered an "Order Regarding Affidavit of Non-Consent of Special Jurisdiction" in which the Court denied

without prejudice any relief the Debtor-Defendant might have been requesting in her Affidavit (CM-ECF Adv. Proc. Docket No. 21).

By virtue of filing a *voluntary* bankruptcy Petition on June 9, 2016 (CM-ECF Docket No. 1), the Debtor-Defendant invoked, submitted to, and consented to this Court's jurisdiction. Since that time, the Debtor-Defendant has continued to invoke this Court's jurisdiction over her Chapter 7 case with filings in this adversary proceeding and as she seeks the issuance of a discharge.

## **Venue**

Venue for this proceeding is proper under 28 U.S.C. §§ 1408-09.  The U.S. Trustee stated this in the second paragraph of his Complaint (CM-ECF Adv. Proc. Docket No. 1) and the Debtor-Defendant admitted to this statement of venue in paragraph 2 of her answer to the Complaint (CM-ECF Adv. Proc. Docket No. 16).  Therefore, the Court should find that the Debtor-Defendant has waived her defense permitted under F.R.B.P. 7012(b)(3), as the rule provides that "a motion asserting any one of these defenses must be made before pleading if a responsive pleading is allowed."

By virtue of filing a *voluntary* bankruptcy Petition on June 9, 2016 (CM-ECF Docket No. 1), the Debtor-Defendant selected the venue for her bankruptcy proceedings.  Venue is also proper here because the Debtor-Defendant's domicile and residence are in this federal judicial district.

## Conclusion

Therefore, the United States Trustee respectfully requests that the Court deny the Debtor-Defendant's motion for dismissal for all counts, and grant such other relief that may be proper under the circumstances.

                                              DANIEL M. McDERMOTT
                                              United States Trustee
                                              Region 9

Dated:_____8-10-17_____         By:_____/s/_____
                                              Dean E. Rietberg (P38872)
                                              Trial Attorney
                                              Office of the U.S. Trustee
                                              125 Ottawa Ave. NW
                                              Suite 200R
                                              Grand Rapids, MI   49503

                                              Tel: (616) 456-2002 ext. 115